UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WESTERN WASHINGTON LABORERS-EMPLOYERS PENSION TRUST, Individually and on behalf of all others similarly situated, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:08CV00120 ERW |
| PANERA BREAD CO., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss the Consolidated Complaint [doc. #29]. Western Washington Laborers-Employers Pension Trust and Sue Trachet ("Plaintiffs") brought this lawsuit on behalf of purchasers of the common stock of Panera Bread Co. ("Panera") between November 1, 2005 and July 26, 2007, inclusive. Plaintiffs named Panera, Ronald Shaich, Mark Hood and Neal Yanofsky (collectively, "Defendants") in this action, and lists two grounds of relief. In Count I, Plaintiffs seek to recover for the violation of § 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder, against all Defendants. In Count II Plaintiff seeks relief from the individual defendants for the violation of § 20(a) of the Exchange Act. Defendants move to dismiss Plaintiffs' claims for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

Courts analyzing Fed. R. Civ. P. 12(b)(6) motions must exclude "matters outside the pleadings," or the motion is treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). Both Defendants and Plaintiffs submitted exhibits to the Court. These exhibits include Form 10-K and 10-Q reports submitted to the United States Securities and Exchange Commission ("SEC"), Panera's stock price chart, Panera's press releases, transcripts from Panera's Earnings Calls,

Panera's 2006 Proxy Statement, the transcript of Panera's Analyst Day, and Form 4s that were filed with the SEC.

When presented with "a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is 'not precluded in [its] review of the complaint from taking notice of items in the public record." *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986)). It is clear that the Court may consider the documents that were submitted to the SEC without converting this into a motion for summary judgment. Courts that have considered this issue have concluded that "[i]t is highly impractical and inconsistent with Fed. R. Evid. 201 to preclude a district court from considering such documents when faced with a motion to dismiss in a securities action." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277 (11th Cir. 1999). These documents are filed with the SEC pursuant to federal law, "and no serious question as to their authenticity can exist." *Id.* Additionally, these exhibits are the very documents and conversations "that are alleged to contain the various misrepresentations or omissions and are not relevant to prove the truth of their contents but only to determine what the documents stated." *Id.* "[W]ere courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed under Rule 12(b)(6) even though they would be doomed to failure." *Id.*

However, *Bryant* draws a sharp distinction between documents that are filed with the SEC, and "other forms of disclosure such as press releases or announcements at shareholder meetings." *Id*. (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)). Additionally, it is not clear that the Court may use the SEC filings related to the Individual Defendants' stock trades for the purposes the Parties intend, as SEC filings can be introduced "for the purpose of determining what disclosures were or were not made, [however,] the Court cannot

consider them as proof of the actual activities or transactions which they purport to disclose." *In re Unumprovident Corp. Securities Litigation*, 396 F.Supp.2d 858, 878 (E.D. Tenn. 2005).

As a result, the Court has two options. The Court can treat the pending Motion as a motion to dismiss, and exclude the stock price chart, Panera's press releases, transcripts from Panera's Earnings Calls and the transcript of Panera's Analyst Day. Alternatively, the Court may treat the Motion as a motion for summary judgment and provide the parties with notice and opportunity to respond and provide further materials. Given the relevance of these documents to the arguments before the Court, the Court believes that this Motion is properly converted to a motion for summary judgment. Because "the motions, responses and memoranda do not in their current form comply with Local Rule 7-4.01(E) relating to summary judgment motions and practice" the Court will deny the pending Motion without prejudice, and permit Defendants to file a motion for summary judgment. *Cameron Mut. Ins. Co. v. Harco. Nat. Ins. Co.*, 2008 WL 4449463, at *2 (E.D. Mo. Sep. 26, 2008) (citing *Smith v. Insley's Inc.*, 499 F.3d 875, 879 (8th Cir. 2007)).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss the Consolidated Complaint [doc. #29] is converted to a motion for summary judgment under Fed. R. Civ. P. 56, and is **DENIED, without prejudice,** for failure to comply with Local Rule 7-4.01(E). Any motion for summary judgment shall be filed no later than **July 20, 2009.** Responses in opposition shall be filed within twenty (20) days and any reply shall be filed within five (5) days thereafter.

So Ordered this 25th day of June, 2009.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE