UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WESTERN WASHINGTON LABORERS-EMPLOYERS PENSION TRUST, individually and on behalf of all others similarly situated,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>PANERA BREAD CO., et al.,  )<br>)<br>Defendants.  ) | Case No. 4:08CV00120 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Relief pursuant to Federal Rule of Civil Procedure 56(f) [doc. #43]. The Court heard arguments from the parties on this Motion on October 2, 2009.

### I.   PROCEDURAL BACKGROUND

Plaintiff Western Washington Laborers-Employers Pension Trust ("Plaintiff") brings this action on behalf of purchasers of the common stock of Defendant Panera Bread Co. ("Panera") between November 1, 2005 and July 26, 2007, inclusive. Plaintiff asserts claims against Panera and Panera officers Ronald M. Schaich, Mark E. Hood, and Neal Yanofsky (collectively, "Defendants"), alleging that Defendants violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and that the individual Defendants violated Section 20(a) of the Exchange Act.

In October 2008, Defendants filed their Motion to Dismiss [doc. #29], which resulted in a stay of discovery pursuant to a provision of the Private Securities Litigation Reform Act ("PSLRA") providing for a mandatory automatic stay of discovery in certain securities fraud

actions during the pendency of a motion to dismiss.  In June 2009, the Court, concerned about its ability to take judicial notice of certain documents offered in support of the motion, converted it into a motion for summary judgment and denied it due to its failure to comply with Local Rule 7-4.01(E), which sets forth the proper form and contents of a motion for summary judgment.  With the Court's permission, Defendants subsequently re-filed their motion as a motion for summary judgment in August 2009 [doc. 39].  Plaintiff now seeks a continuance under Federal Rule of Civil Procedure 56(f), arguing that the Court should not rule on summary judgment without first giving it an opportunity for discovery.

## II.   DISCUSSION

Plaintiff contends that it is entitled to conduct discovery before responding to Defendants' motion for summary judgment for two reasons.  First, to the extent Defendants rely on the PSLRA's safe harbor provisions for statements Plaintiff alleges were false or misleading, Plaintiff claims that the safe harbors are not available where the speaker knew the statements were false when made, and that it therefore needs to conduct discovery as to Defendants' knowledge at the time.  Second, Plaintiff argues that it would be improper to deny it the opportunity for discovery given that Defendants address the weight and sufficiency of Plaintiff's evidence in their motion for summary judgment.  Defendants assert that the Court may properly rule on their motion for summary judgment to the extent it addresses the applicability of the PSLRA's safe harbor for forward-looking statements that are either immaterial or accompanied by cautionary language, a question of law which Defendants contend would not be affected by any discovery that Plaintiff might obtain.

As the parties' arguments suggest, the central dispute at this point is whether the relevant PSLRA safe harbor includes a state of mind component.  The PSLRA provides two distinct safe

harbors for forward-looking statements that are relevant here. The first states that a forward-looking statement is not actionable if it is:

> (i) identified as a forward-looking statement, and is accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement; or
> (ii) immaterial; . . .

15 U.S.C. § 78u-5(c)(1)(A). The second safe harbor applies where the plaintiff fails to prove that the forward-looking statement:

> (i) if made by a natural person, was made with actual knowledge by that person that the statement was false or misleading; or
> (ii) if made by a business entity; was–
>   (I) made by or with the approval of an executive officer of that entity; and
>   (II) made or approved by such officer with actual knowledge by that officer that the statement was false or misleading.

15 U.S.C. § 78u-5( c)(1)(B). Some courts have taken the view that given the express scienter requirement of the second safe harbor category, the first category – for forward-looking statements accompanied by meaningful cautionary language – applies irrespective of the speaker's state of mind. *See, e.g.*, *Miller v. Champion Enters. Inc.*, 346 F.3d 660, 672 (6th Cir. 2003); *Harris v. Ivax Corp.*, 182 F.3d 799, 803 (11th Cir. 1999); *Yellen v. Hake*, 437 F. Supp. 2d 941, 961-62 (S.D. Iowa 2006). Others have found that Congress could not have intended that result, concluding that cautionary language cannot be "meaningful" within the meaning of the statute if the speaker knew the underlying statement was false. *See, e.g.*, *In re Nash Finch Co.*, 502 F. Supp. 2d 861, 873 (D. Minn. 2007); *In re SeeBeyond Techs. Corp. Sec. Litig.*, 266 F. Supp. 2d 1150, 1165 (C.D. Cal. 2003).

The Court finds that application of the first safe harbor does not involve an inquiry into the speaker's state of mind, but instead is limited to whether the cautionary language is adequate and

whether the challenged statement is solely forward-looking and predictive, as opposed to an arguably forward-looking statement that also contains representations as to present facts.[1] *See In re Stone & Webster, Inc., Sec. Litig.*, 414 F.3d 187, 212-13 (1st Cir. 2005). In *Stone & Webster*, the First Circuit explained this distinction with a hypothetical:

> [A]ssume . . . that an issuer of securities relating to a business venture carrying an obvious risk of liability (say, the operation of an amusement park) issues a public statement that is has procured liability insurance in amounts sufficient to cover the maximum liability that can be anticipated based on comparable experience. Assume that in the suit, the aspect of the statement alleged to be fraudulent lies not in the estimate of likely liabilities, but in the fact that the issuer was lying in stating that it had obtained insurance. . . . The accusation of falsity, in other words, lay not in the accuracy of the projection of future financial events, but rather in the representation of a present fact. Notwithstanding that the allegedly false statement "contain[s] a projection of [future] financial items," we do not think Congress intended to grant safe harbor protection for such a statement whose falsity consists of a lie about a present fact.

*Id.* at 213. Although Plaintiff asserts, correctly in the Court's view, that Congress could not have intended the safe harbor to function as a "license to lie," the Court concludes that Congress sought to reduce its possible negative impact, not through an implicit state of mind requirement, but instead, through the explicit requirement of "meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement." *See* 15 U.S.C. § 78u-5( c)(1)(A)(i). Furthermore, those cases finding the safe harbor inapplicable due to a state of mind component likely could have reached the same result – at least as to some of the statements at issue – by finding that the statements related to present facts. *See Nash Finch*, 502 F. Supp. 2d at 873 n.6 ("The [challenged] statement is susceptible of both a present fact and forward-looking interpretation. Because Plaintiff treats it as

---

[1] As noted above, § 78u-5(c)(1)(A) also provides that immaterial forward-looking statements are not actionable, but Plaintiff does not suggest that an otherwise immaterial statement would lose its safe harbor protection if the speaker knew it was false or misleading.

a forward-looking statement, the Court will [do the same].”); *SeeBeyond*, 266 F. Supp. 2d at 1163 (challenged statement was preliminary report of financial results for quarter that had just ended).

This interpretation is supported by the legislative history of the PSLRA, which emphasizes the absence of a state of mind requirement in the safe harbor for forward-looking statement accompanied by cautionary language. *See* H.R. Rep. No. 104-369, at 44 (1995) (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 730, 743 ("The first prong of the safe harbor requires courts to examine only the cautionary statement accompanying the forward-looking statement. Courts need not examine the state of mind of the person making the statement. . . . A cautionary statement that misstates historical facts[, however,] is not covered by the safe harbor . . . ."); *see also id.* at 47 ("The applicability of the safe harbor provisions under subsection (c)(1)(B) shall be based on the 'actual knowledge' of the defendant and does not depend on the use of cautionary language. The applicability of the safe harbor provisions under subsection[] (c)(1)(A)(i) . . . shall be based upon the sufficiency of the cautionary language under those provisions and does not depend on the state of mind of the defendant."). The *Stone & Webster* court also recognized that the future prediction / present fact distinction is consistent with the common-law "bespeaks caution" doctrine,[2] 414 F.3d at 213 (internal citations omitted), which was one of the bases of this safe harbor. *See* H.R. Rep. No. 104-369 at 43.

---

[2] The "bespeaks caution" doctrine provides that "when an offering document's forecasts, opinions or projections are accompanied by meaningful cautionary statements, the forward-looking statements will not form the basis for a securities fraud claim if those statements did not affect the 'total mix' of information the document provided investors." *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 548 (8th Cir. 1997) (internal citations and quotations omitted). "In other words, cautionary language, if sufficient, renders the alleged omissions or misrepresentations immaterial as a matter of law." *Id.*

Having determined that application of the 15 U.S.C. § 78u-5(c)(1)(A) safe harbor does not require an inquiry into the speaker's state of mind, the Court turns to the effect of this conclusion on Plaintiff's motion for Rule 56(f) relief.  Because the contents of Defendants' challenged statements are undisputed, the Court finds that no discovery is necessary to determine on summary judgment whether the § 78u-5(c)(1)(A) safe harbor applies.  This provision will not apply if the Court concludes, either that Defendants' challenged statements were not truly forward-looking, in that they contained representations as to present facts, or that Defendants' cautionary statements were inadequate, and Plaintiff has not demonstrated that any discovery would be relevant or otherwise necessary as to these narrow issues.  *See* § 78u-5(f) (except for discovery directed at application of safe harbor, courts should stay discovery during pendency of motion for summary judgment based on safe harbor provisions).

That said, the Court emphasizes that without affording Plaintiff the opportunity to conduct discovery, it may not consider any of Defendants' additional arguments in favor of summary judgment, for example those relating to the weight or sufficiency of Plaintiff's evidence, Plaintiff's ability to establish the falsity and scienter requirements (a necessity for application of the § 78u-5(c)(1)(B) safe harbor), or the issue of loss causation.  If Defendants' pending motion for summary judgment does not dispose of Plaintiff's claims, however, Defendants will have the opportunity to move for summary judgment based on these arguments after Plaintiff has had an appropriate interval of time to conduct discovery.

Thus, Plaintiff's motion will be denied to the extent that it requests denial of Defendants' motion for summary judgment or a continuance for the opportunity to conduct discovery.  The Court finds that discovery is not necessary for a ruling on the applicability of the PSLRA's safe harbor in 15 U.S.C. § 78u-5(c)(1)(A) for forward-looking statements accompanied by cautionary

6

language.  The Court does conclude, however, that the lack of discovery in this case makes consideration of Defendants' additional arguments in favor of summary judgment inappropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief Pursuant to Federal Rule of Civil Procedure 56(f) [doc. #43] is **DENIED**.  Prior to any discovery taking place, the parties shall proceed in accordance with the established schedule for briefing of Defendants' Motion for Summary Judgment [doc. #39], limited to the issue of the applicability of 15 U.S.C. § 78u-5(c)(1)(A) to Plaintiff's claims.

Dated this 6th Day of November, 2009.

                                                              *E. Richard Webber*
                                                              E. RICHARD WEBBER
                                                              UNITED STATES DISTRICT JUDGE