UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WESTERN WASHINGTON LABORERS-EMPLOYERS PENSION TRUST, *individually and on behalf of all others similarly situated*, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PANERA BREAD CO., et al., <br><br> Defendants. | Case No. 4:08CV00120 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Western Washington Laborers-Employers Pension Trust's ("Lead Plaintiff") Motion for Preliminary Approval of Class Action Settlement [doc. #83].

The present class action suit – brought by Lead Plaintiff and Plaintiff Sue Trachet (collectively, "Plaintiffs") on behalf of persons or entities that purchased the common stock of Defendant Panera Bread Co. ("Panera") from November 1, 2005 through July 26, 2007, inclusive – alleges that Panera, along with individual Defendants Ronald M. Schaich, Mark E. Hood, and Neal Yanofsky (collectively, "Defendants"), made false and misleading statements during the class period about the current and projected success of Panera's growth strategy and its Crispani® flatbread pizza product, thereby artificially inflating the value of Panera common stock. Following the Court's issuance of its March 16, 2010 Memorandum and Order granting partial summary judgment in favor of Defendants [doc. #62], the parties entered into mediation and ultimately reached an agreement ("the Stipulation") to settle the class members' claims against Defendants for $5,750,000.

The Court has reviewed the Stipulation and concludes that it will be preliminarily approved as set forth below.

Accordingly,

**IT IS HEREBY ORDERED** that Lead Plaintiff's Motion for Preliminary Approval of Class Action Settlement [doc. #83] is **GRANTED**, as follows:

1. The Court hereby preliminarily approves the proposed Settlement of the Class Action as set forth in the Stipulation.

2. The Court finds that the proposed Class meets all of the applicable requirements under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court certifies the following Class:

> [A]ll Persons who purchased or otherwise acquired Panera common stock from and including November 1, 2005 through and including July 26, 2007. Excluded from the Class are: all Settling Defendants in the Class Action, all members of the immediate families (parents, spouses, siblings, and children) of any individual Settling Defendant, any entity affiliated with any Settling Defendant in the Class Action or with any member of the immediate family of such Settling Defendant, including, without limitation, any entity in which any such Settling Defendant or any member of the immediate family of such Settling Defendant has a controlling interest, the officers, directors, parents, subsidiaries, and affiliates of Panera, and the legal representatives, heirs, successors-in-interest, and assigns of any of the foregoing. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that (a) the size of the Class is so numerous, that it would be impracticable to join all Class Members as individual parties; (b) the claims of the Lead Plaintiff are typical of the claims of the members of the Class; (c) there are questions of law and fact common to the Class which predominate over any individual question; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented the interest of the Class; and (e) a class action is the superior method for resolving the disputes between the parties.

4. Should the Settlement not be finally approved or should the Stipulation be terminated as provided therein, the Class shall be deemed decertified and entry of this Order shall not prejudice the rights of Settling Defendants to oppose certification of this action pursuant to Federal Rule of Civil Procedure 23.

5. A hearing pursuant to Federal Rule of Civil Procedure Rule 23(e) (the "Settlement Hearing"), is hereby scheduled to be held before the Court on **June 22, 2011**, at **9:00 A.M.**, in Courtroom 17 South of the United States District Court for the Eastern District of Missouri, Thomas F. Eagleton Courthouse, 111 South Tenth Street, St. Louis, MO 63102, for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b) to determine whether the Final Judgment and Order of Dismissal with Prejudice as provided under the Stipulation should be entered;

(c) to determine whether the proposed Plan of Allocation of the settlement proceeds is fair and reasonable, and should be approved by the Court;

    (d) to determine Lead Plaintiff's counsel's application for an award of attorneys' fees and expenses; and

    (e) to rule upon such other matters as the Court may deem appropriate.

  6. The Court, in its discretion, may approve the Settlement with or without modification and with or without further notice of any kind to members of the Class.

  7. The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the Proof of Claim and Release form ("Proof of Claim").

  8. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

  9. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms attached hereto, to be mailed, by first class mail, postage prepaid, on or before **March 14, 2011** ("Notice Date"), to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com.  The Settling Defendants shall cooperate in making Panera's books, records, and information reasonably available to the Claims Administrator or Lead Counsel, to the extent necessary, for the purpose of identifying and giving notice to the Class.  The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Panera common stock during the Class Period as record owners but not as beneficial owners.  Such nominee purchasers are directed to promptly forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial

4

owners. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, as defined in the Stipulation, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

10. The Court approves the form of Publication Notice of the pendency of this class action and the proposed Settlement in substantially the form and content attached hereto as Exhibit A-3, and directs that the Claims Administrator shall cause the Publication Notice to be published in the national edition of *Investor's Business Daily* within ten (10) days of the mailing of the Notice. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Published Notice.

11. The form and method set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(1)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

12. Class Members who wish to participate in the Settlement shall complete and submit the Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than thirty (30) days after the Settlement Hearing.  Any Class Member who does not timely submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless

otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed.

13. Class Members shall be bound by all determinations and judgments in the Class Action, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than **April 29, 2011** to the address specified in the Notice.  Such request for exclusion shall clearly indicate the name, address, and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in *Western Washington Laborers-Employers Pension Trust v. Panera Bread Co., et al.*, and must be signed by such person.  A request for exclusion must identify all purchases, acquisitions, and sales of Panera common stock during the Class Period, including the number of shares and price of the common stock purchased or acquired during the Class Period, the number of shares and price of common stock sold during the Class Period or thereafter, and the date of each such purchase, acquisition or sale.  The request for exclusion shall not be effective unless it provides the required information and is timely submitted, or the exclusion is otherwise accepted by the Court.

14. Class Members requesting exclusion shall not be entitled to receive any payment from the Net Settlement Fund as described in the Stipulation and Notice.

15. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and expenses only if such comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court

for the Eastern District of Missouri, Thomas F. Eagleton Courthouse, 111 South Tenth Street, St. Louis, MO 63102, and copies of all such papers are served, on or before **April 29, 2011**, upon each of the following:  Jeffrey D. Light of Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 (on behalf of Lead Plaintiff) and Michael R. Dube of Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109 (on behalf of Settling Defendants).  Attendance at the Settlement Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses, are required to indicate in their written objection their intention to appear at the Settlement Hearing.  If such persons wish to be represented by counsel at the Settlement Hearing, counsel must file an appearance with the Court.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

16. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff, Plaintiffs, nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed (up to $150,000) pursuant to paragraph 29 of the Stipulation.

17. Pending final determination of whether the Settlement should be approved, the Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action, in any forum, which asserts any Settled Claim against any Settling Defendant.

18. If:  (a) the Settlement is terminated by Lead Plaintiff or Settling Defendants pursuant to paragraph 28 of the Stipulation or Panera elects to terminate the Stipulation pursuant to paragraph 26 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is

not satisfied and the satisfaction of such condition is not waived in writing by Lead Plaintiff's counsel and counsel for the Settling Defendants; or (c) the Court rejects, in any material respect, the Final Judgment and Order of Dismissal with Prejudice, in substantially the form and content attached to the Stipulation as Exhibit B, and Lead Counsel and counsel for the Settling Defendants do not consent to the entry of another form of order in lieu thereof; or (d) the Court rejects the Stipulation, including any amendment thereto approved by Lead Counsel and counsel for the Settling Defendants; or (e) the Court approves the Stipulation, including any amendment thereto approved by Lead Counsel and counsel for the Settling Defendants, but such approval is reversed on appeal and such reversal becomes final; or (f) the Settlement is terminated or this Order does not become effective for any reason and the provisions of paragraph 28 of the Stipulation are applicable, then, in any such event, the Stipulation, including any amendment(s) thereof and this Order shall be null and void and vacated, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his or its respective position as it existed in the litigation as of November 4, 2010.

19.   All papers in support of the Settlement, Plan of Allocation, and any application by counsel for Lead Plaintiff for attorneys' fees and expenses shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in paragraph 15 and any reply papers shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

20.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

Dated this 22nd Day of February, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE